[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:COMMITTEE'S MOTION TO APPROVE SALE
On April 4, 1994, a judgment of foreclosure entered in this matter and a sale was ordered to be held on June 4, 1994. Pursuant to court order, the committee advertised the sale in the area's newspaper. The advertisement clearly stated the essential terms of sale, as follows:
 1. The property will be sold in its "as is" condition without representations of any kind.
 2. The high bidder will be required to sign a Purchase Agreement with the Committee which is conditioned solely upon court approval and will contain NO FINANCING contingency.
Additionally, at the premises on the day of sale, the CT Page 2795 committee provided a Notice to Bidders, again advising them, inter alia, that the property was being sold "as is", that no adjustment would be made for any after discovered defects; that the property was being sold subject to no financing contingency, and that the required deposit of $17,500.00, would be forfeited in the event of non-performance by the successful bidder.
Mr. Paul Rizzuto was the successful bidder at the sale and deposited $17,500.00 with the committee, as required. A few days later, Rizzuto complained of environmental problems and wanted a reduction in price.
Despite the formal notices, the FDIC and the subsequent owner of the property did agree to accept a reduced bid and would have requested the court to approve same, however, after months of negotiations and compromise, Rizzuto ultimately declined to proceed with the sale based on his inability to obtain financing.
At present, committee fees and expenses approximate $8,000.00, and the committee has requested that the court approve them and the sale while declaring a forfeiture of Rizzuto's $17,500.00 deposit.
In opposition to the committee's motion to approve, Rizzuto claims fraud on the part of plaintiff. Further, he contends that inasmuch as environmental contamination is a serious and far reaching defect, the committee had a duty to disclose the existence of same to him.
It is well recognized that the only grounds which would warrant a court to refuse the approval of a foreclosure sale are fraud, misrepresentation, surprise or mistake. Wilcox v.Willard Shopping Center, 23 Conn. App. 129 (1990).
As the only evidence offered in support of his fraud claim, Rizzuto testified that at the auction, he asked a person, who he believed was a representative of the plaintiff, about a piece of plastic pipe protruding from the ground and she answered that "it was nothing". Apparently, it was a remnant of environmental testing that had earlier been performed on the site at plaintiff's request.
Even if this question was asked (the committee didn't hear it), and understood by plaintiff's alleged "agent", without CT Page 2796 more, the court will not accept it as credible proof evidencing either fraud or misrepresentation.
The evidence indicates that Mr. Rizzuto, intending on buying the subject commercial premises to house his small business, failed to make a reasonably thorough investigation of potential environmental problems before bidding on the premises. Just a cursory review of the court's file, in this matter, would have revealed that the sale of the premises had been postponed more than once to allow for environmental testing by the plaintiff.
Further, reasonable inquiry by Rizzuto could have included speaking with neighbors, as was done after the fact. T. Testimony reveals that the owner of a transmission shop, some 75 yards away from the property, was aware of potential environmental problems at the site and, although interested in acquiring same, decided against making a bid because of them.
The court finds that if a mistake was involved in the instant transaction, at all, it was solely Mr. Rizzuto's mistake of failing to make reasonable inquiry before bidding the property and the court is yet to be convinced that Rizzuto's unilateral mistake is sufficient reason to overturn the sale.
Finally, Rizzuto argues that because of the potentially far reaching effects of environmental contamination, including the potential for excessive costs to clean up same, he, as a small businessman with few assets, should be excused from performance and his $17,500.00 deposit which represents a large investment to him, should be returned. Certainly, the court understands Mr. Rizzuto's predicament and while it can empathize with him, absent authority, it will not rule as requested.
However, in consideration of the equities of the matter, including but not limited to a consideration of the fees and costs involved in the sale, the interest accruing on the underlying mortgage debt, the necessity of a new sale and the distinction between penalties and damages, the court believes a forfeiture of a portion of the Rizzuto deposit is proper.
Therefore, the court orders the forfeiture of $10,500.00 of Mr. Rizzuto's $17,500.00 deposit and limits his liability to that amount. Further, the court orders that Rizzuto be refunded the difference of $7,000.00 within a reasonable period of time. CT Page 2797
/s/ West, J. WEST